```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


                                    )
JANNEY MONTGOMERY SCOTT LLC;        )
JOHN LENNON,                        )
                                    )
        Petitioner - Defendant,     )
                                    )
             v.                     )   CIVIL ACTION
                                    )   NO. 07-11197-RCL
EMILY E. TOBIN; JOHN S. TOBIN;      )
Trustees of the John F. Tobin       )
Family Trust and the Emily E.       )
Tobin Trust,                        )
                                    )
        Respondent – Plaintiff.     )
                                    )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                          March 10, 2009

This motion for attorneys' fees follows an order denying the petitioner-defendants Janney Montgomery Scott LLC and John Lennon's (collectively "Janney") Petition to Vacate Final Arbitration Award ("Petition") [Doc. No. 1].  Following this Court's decision to uphold the arbitrator's decision in favor of respondent-plaintiffs Emily E. Tobin and Jon S. Tobin, Trustees of the John F. Tobin Family Trust and the Emily E. Tobin Trust (collectively "Tobin"), Tobin now seeks an award of attorneys' fees and costs incurred in the matters related to the Petition. Supp. Mot. Attys' Fees [Doc. No. 36].  Tobin requests $94,290.00 in attorneys' fees, $4,134.16 in costs, and an unspecified amount for Tobin's work related to an oral argument before the First Circuit Court of Appeals.  Supp. Mot. Attys' Fees at 6.  In

response, Janney requests this Court to discount the amount sought because it is improper and inflated.  Opp'n Mot. Attys' Fees at 1 [Doc. No. 39].

## I. INTRODUCTION

In July 2004, Tobin filed an action against Janney with the National Association of Securities Dealers ("Dealers") alleging, inter alia, that Janney violated Massachusetts and federal securities laws.  Supp. Mot. Attys' Fees at 1; Pet. Vac. Arb. ¶ 25.  In May 2007, the Dealers Arbitration Panel ("Panel") entered an award in favor of Tobin for compensatory damages of $416,250.00 and attorneys' fees of $205,000.00, pursuant to Chapter 93A of the Massachusetts General Laws.  Supp. Mot. Attys' Fees at 1-2; Pet. Vac. Arb. ¶ 43.  Subsequently, Janney filed the Petition to vacate the award.  Id. at ¶ 1.  Janney claimed that the Panel exceeded its power and exhibited manifest disregard of the law.  Id. at ¶ 44-63.  This Court denied Janney's Petition. Order Denying Pet., April 17, 2008 [Doc. No. 22].

Following the denial, Tobin filed a motion for attorneys' fees and post-judgment interest related to the Petition [Doc. No. 23].  This Court denied Tobin's request for attorneys' fees but granted the request for interest.  Tobin appealed the denial [Doc. No. 28].  The First Circuit reversed this Court's order denying Tobin's motion for additional attorneys' fees, and remanded for further proceedings including consideration of whether to grant Tobin attorneys' fees in connection with the

appeal.  Janney Montgomery Scott LLC v. Tobin, 571 F.3d 162, 166 (1st Cir. 2009).

After the First Circuit's opinion, Tobin filed a motion for attorneys' fees incurred during the Petition and the appeal pursuant to Massachusetts General Laws chapter 93A, section 9(4). Supp. Mot. Attys' Fees [Doc. No. 35].  Tobin submitted a memorandum in support of its motion [Doc. No. 36], while Janney filed a memorandum in opposition to the motion [Doc. No. 39]. Tobin also filed an affidavit that included a sworn statement from Tobin's lead counsel, Mr. Robert T. Gill ("Gill"), and an exhibit outlining the hours worked by attorneys on Tobin's case [Doc. No. 37].  This Court here considers the amount of attorneys' fees that Tobin is entitled to receive.

**II. ANALYSIS**

Under Massachusetts General Laws chapter 93A, an arbitration panel may grant reasonable attorneys' fees and costs incurred by a party who establishes a violation under that law.  Mass. Gen. Laws. ch. 93A § 9(4).  In addition, "a party who successfully defends a petition to vacate a chapter 93A arbitration award" is also entitled to attorneys' fees and costs incurred in relation to the petition.  Tobin, 571 F.3d at 165.  Tobin here properly moves for fees and costs incurred in the Petition.

To determine the proper amount of attorneys' fees under Massachusetts laws, this Court considers the Linthicum factors which include: "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the

3

results obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." Haddad v. Wal-Mart Stores, Inc. (No.2), 455 Mass. 1024, 1025 (2010) (quoting Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979)). No one factor is determinative, however, "the primary factors that must be examined in more detail" include "the time reasonably expended and the hourly rates reasonably charged to obtain the results achieved in these proceedings." Haddad, 455 Mass. at 1025. This fee calculation method, known as the "lodestar" approach, has been approved by Massachusetts courts. Berman v. Linnane, 434 Mass. 301, 303 (2001).

    The lodestar approach determines reasonable attorneys' fees by "multiplying the number of hours" reasonably spent on a case "by a reasonable hourly rate." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The court "calculates the time spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001).

    The district court has broad discretion in determining the appropriate attorneys' fees. See Berman, 434 Mass. at 469-70 (explaining that in Massachusetts, trial judges are afforded the discretion to determine fees); Hensley, 461 U.S. at 438. Indeed,

the First Circuit reviews fee-shifting awards for abuse of discretion.  Torres-Rivera, 524 F.3d at 335.  This discretion includes adjusting the fee "upwards or downwards, based on any of several factors."  Id. at 336.

### A. Reasonable Number of Hours

The "reasonableness of attorneys' fees under the lodestar approach is a factual determination that requires a line-item scrutiny."  Cerqueira v. Am. Airlines, Inc., 484 F. Supp. 2d 241, 246 (D. Mass. 2007), vacated on other grounds, 520 F.3d 1, 20 (1st Cir. 2008).  In making such a determination, the district court is given "great discretion in deciding what claimed legal services should be compensated."  U.S. v. One Star Class Sloop Sailboat Built in 1930 with Hull Number 721, Named "Flash II", 546 F.3d 26, 37 (1st Cir. 2008).  While reviewing the reasonable number of hours spent on a case, this Court scrutinizes "the individual fees for the contemporaneousness and sufficient detail required to justify the charge."  Cerqueira, 484 F. Supp. 2d at 246.  Thereafter, hours that are "excessive, redundant, or otherwise unnecessary" may be excluded or discounted from the fee calculation.  Porter v. Cabral, No. 04-11935, 2007 WL 602605, at *14 (D. Mass. 2007) (Woodlock).  Proceeding to a line-item analysis of Tobin's fee charts, this Court only reviews those fees that are contested by Janney.

#### 1. Excessive Time Billed

Janney first argues that the hours billed by Attorney Dale Coggins ("Coggins") were excessive and should be discounted.

Opp'n Mot. Attys' Fees at 3.  Janney specifically contests 106.5 hours that were billed toward Tobin's Opposition to the Petition. Id.  For the following reasons, this Court exercises its discretion to reduce the total number of hours billed by Coggins.

At the outset, Coggins was retained to draft Tobin's Opposition to the Petition because Tobin's primary associate on the matter, Jennifer Markowski ("Markowski"), was on maternity leave.  Gill Aff. at 6-7.  Although a reasonable number of hours is necessary to familiarize a replacement attorney with a case, charging and shifting every minuscule moment to opposing counsel is not a practice this Court promotes.  See Hensley, 461 U.S. at 429 (increasing the potential for a civil rights victim to retain representation is the purpose of granting attorneys' fees, not subsidizing the full operation of the case).  Moreover, further review reveals that 106.5 hours on Tobin's Opposition to the Petition is excessive in light of the substantive nature of the work.  The arguments raised in Tobin's Opposition are nearly identical to the issues previously briefed during the Dealers Arbitration Panel.  See Opp'n Pet. [Doc. No. 11].  Thus, less time and creativity was needed to re-formulate Tobin's arguments in its Opposition to the Petition.

In addition, Tobin's fee charts fail because they do not assist this Court in determining the precise nature of Coggins' work.  The burden is on the applicant to provide documentation for the work.  See Hensley, 451 U.S. at 433 (determining that the party seeking fees must submit evidence to support the hours

worked); see also Cerqueira, 484 F. Supp. 2d at 246 (ruling that the fee description must have "sufficient detail required to justify the charge"). Here, Coggins' fee charts are vague and fail to provide sufficient detail. See Gill Aff., Ex. A at Invoices 201927, 202316. This Court is hindered by such poor documentation and it hesitates to grant fees where documentation is inadequate and vague. See Hensley, 451 U.S. at 433 (stating that the district court may reduce fees where there is inadequate documentation). After careful consideration, this Court will reduce the hours billed by Coggins on this matter from 106.5 hours to 65 hours, because the time billed is excessive and the documentation lacks detail. This Court does not disturb the twenty hours billed by Attorney Gill on the same matter.

### 2.   Time Billed for Failed Motions

Next, Janney requests that the time billed for Tobin's unsuccessful motions be disallowed. Opp'n Mot. Attys' Fees at 4. This Court finds support for such a request. The First Circuit explained that a prevailing party "is only entitled to recover fees for time productively spent." One Star Class, 546 F.3d at 39. "Consequently, time invested in issues that are litigated profligately, unnecessarily, or without benefit to the prevailing party may be disallowed." Id.; see, e.g., Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992); Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952-55 (1st Cir. 1984). Janney calls attention to three motions that were filed and subsequently denied. Opp'n Mot. Attys' Fees at 4-5.

The first motion denied by this Court was a motion for leave to file a reply brief to Petitioner's Opposition Motion [Doc. No. 19]. This Court does not grant fees for time that was unproductive. One Star Class, 546 F.3d at 39. Judge Lindsey denied the foregoing motion on October 20, 2007 and consequently this Court never accepted nor reviewed the reply brief. Accordingly, the time spent on the reply brief was fruitless and provided no benefit to Tobin. The hours billed to Tobin's failed reply brief will be discounted. The following fees in Tobin's fee chart fail in this regard: 0.70 9/13/07 (Gill); 1.00 9/18/07 (Gill); 1.80 9/19/07 (Markowski); 1.80 9/20/07 (Markowski); 7.50 9/21/07 (Markowski); 5.50 9/24/07 (Markowski); 0.30 9/26/07 (Markowski); 0.50 9/26/07 (Markowski); 1.60 9/26/07 (Markowski); 2.00 9/26/07 (Markowski); 0.10 9/27/07 (Markowski); 4.80 9/27/07 (Markowski); and 1.50 9/27/07 (Gill). Gill Aff., Ex. A at Invoice 202884.

The second motion denied by this Court was a motion seeking clarification, which this Court denied on July 17, 2008 for lack of subject matter jurisdiction in light of an appeal to the First Circuit [Doc. No. 27]. Because the motion for clarification provided no benefit to Tobin, this Court will discount the hours billed to the motion. The following fees in Tobin's fee chart fail in this regard: 0.10 6/6/08 (Markowski); 3.00 6/11/08 (Markowski); 2.50 7/1/08 (Markowski); and 0.10 7/17/08 (Markowski). Gill Aff., Ex. A at Invoices 206739, 207438.

The final motion denied was a motion for sanctions in the First Circuit.  <u>Tobin</u>, 571 F.3d 162, No. 08-1863, Appellee's Mot. Sanctions.  The First Circuit declined to impose sanctions because any failure on behalf of Janney was "not sufficiently clear and did not cause" Tobin to incur any additional expenses. <u>Tobin</u>, 571 F.3d 162, No. 08-1863, Order Denying Mot. Sanctions, December 17, 2008.  Moreover, the court explained that "the amount of the expenses sought here is unreasonably high and insufficiently justified."  <u>Id.</u>  Accordingly, this Court will discount hours billed to the motion for sanctions because the motion was profligate and the First Circuit ruled it unjust.  The following fees in Tobin's fee chart fail in this regard: 2.20 10/28/08 (Markowski); 0.40 10/29/08 (Gill); 0.40 10/30/08 (Markowski); 1.40 11/12/08 (Markowski); 1.00 11/17/08 (Markowski); 0.20 11/18/08 (Markowski); and 0.10 12/18/08 (Markowski).  Gill Aff., Ex. A at Invoice 208753.

### 3. Time Billed for Settlement Efforts

Janney further requests this Court to deduct hours billed related to settlement efforts between Tobin and Janney.  Opp'n Mot. Attys' Fees at 5.  This Court has the discretion to adjust hours "up or down, to reflect other considerations."  <u>One Star Class</u>, 546 F.3d at 38 (quoting <u>Coutin</u> v. <u>Young & Rubicam P.R., Inc.</u>, 124 F.3d 331, 337 (1st Cir. 1997).  Settlement negotiations are not normally considered in the lodestar calculation.  To rule otherwise in a fee shifting regime would discourage parties from engaging in such negotiations because the losing party would have

to pay for the prevailing party's fees.  Such an effect would run counter to the institutional policy favoring settlement.  Moreover, here the settlement negotiations failed and, by definition, no party prevailed in order to gain entitlement to fees.  See Henlsey, 461 U.S. at 440 (explaining that the extent of a prevailing party's success is a crucial factor in awarding attorneys' fees).  Accordingly, this Court will deduct hours billed related to the settlement negotiations.

The following fees in Tobin's fee chart fail in this regard: 1.00 6/18/08 (Markowski); 0.70 6/19/08 (Markowski); 0.60 6/20/08 (Markowski); 0.10 6/26/08 (Markowski); 0.10 6/30/08 (Markowski); 0.40 8/14/08 (Markowski); 0.40 8/15/08 (Markowski); 0.10 8/18/08 (Markowski); 0.40 8/18/08 (Markowski); 2.40 8/18/08 (Markowski); 0.20 8/19/08 (Markowski); 0.20 8/19/08 (Markowski); 1.70 8/20/08 (Markowski); 0.10 10/10/08 (Markowski); 1.00 10/16/08 (Gill); 2.40 10/20/08 (Markowski); 4.20 10/21/08 (Markowski); and 3.10 10/21/08 (Gill).  Gill Aff., Ex. A at Invoices 206739, 207438, 208753.

### 4. Time Billed for Minimal Work

Janney requests that this Court discount hours billed by attorneys who performed minimal work in the present case.  Opp'n Mot. Attys' Fees at 5-6.  Janney contests the hours billed by Attorneys Michael J. Cedrone, Timothy M. Pomarole, and Harvey Weiner who each billed 3.5, 12.4, and 1.8 hours, respectively. Id.  This Court reviews each attorney's time billed in turn.

Cedrone performed work on a single arbitration issue. Gill Aff., Ex. A at Invoice 206739. This Court discounts time billed that is vague and lacks sufficient detail in its description. <u>Hensley</u>, 451 U.S. at 433; <u>Cerqueira</u>, 484 F. Supp. 2d at 246. Cedrone's billing description fails for lack of detail and vagueness. <u>See</u> Gill Aff., Ex. A at Invoice 206739. A description reading "Review arbitration issue" is hardly sufficient for the purpose of awarding fees. <u>Id.</u> Moreover, this Court scrutinizes Cedrone's work for his minimal participation in the case and arguably minimal added value to the matter. <u>See</u> <u>Cerqueira</u>, 484 F. Supp. 2d at 249 n.13 (disallowing hours for attorney's minor role in litigation and lack of substantive purpose). Accordingly, Cedrone's time billed will be discounted for lack of sufficient detail, vagueness, and minimal added value. The following fees in Tobin's fee chart fail in this regard: 3.50 6/13/08 (Cedrone). Gill Aff., Ex. A at Invoice 206739.

Pomarole performed 12.4 hours of work on Tobin's appeal to the First Circuit. This Court will not adjust the hours billed by Pomarole. Pomarole's time description outlines in detail his contribution to the appellate work. <u>See</u> Gill Aff., Ex. A at Invoice 210180. Engaging three attorneys on an appellate matter does not constitute overstaffing, especially in light of the minimal hours billed by the other two attorneys on the issue (29.6 hours for Gill and 12.2 hours for Markowski). <u>Id.</u>

Accordingly, this Court will not discount the hours billed by Pomarole.

Weiner contributed 1.8 hours to Tobin's case. Minimal work performed by an attorney may be discounted for lack of value to the case. See Cerqueira, 484 F. Supp. 2d at 249 n.13. Careful review of Weiner's contribution reveals that he did nothing more than draft an e-mail and analyze case law during the same period that other capable attorneys conducted work on the same matter. See Gill Aff., Ex. A at Invoice 209161. Still, Weiner has extensive experience as an attorney, and this Court cannot conclude that his contribution to this case was minimal. This Court will not discount the time billed by Weiner.

### 5. Extraneous Time Billed

Janney further requests that hours billed prior to the Petition and hours billed following the oral argument before the First Circuit be disallowed. Opp'n Mot. Attys' Fees at 6. It is undisputed that Tobin billed for hours before actually filing the Petition. Compare Pet. Vac. Arb., with Gill Aff., Ex. A at Invoice 201632. Moreover, a review of the hours submitted prior to the Petition reveals that the time was not even related to preparation of a possible Petition. See Gill Aff., Ex. A at Invoice 201632. This Court does not find it reasonable to bill hours for such unrelated work. Accordingly, this Court will disallow time billed that was unrelated and prior to the filing of the June 28, 2007 Petition. The following fees in Tobin's fee chart fail in this regard: 1.00 6/4/07 (Gill); 0.40 6/22/07

(Gill); 0.8 6/27/07 (Gill); 4.00 6/28/07 (Coggins); and 1.50 6/28/07 (Gill).  Id.

Finally, Tobin requests this Court to award fees that it deems reasonable for services rendered after the oral argument. Supp. Mot. Attys' Fees at 4.  The burden is on the fee applicant to establish his entitlement to reasonable fees through submission of evidence.  Hensley, 451 U.S. at 433.  This Court is not in the business of estimating hours.  Because Tobin did not submit any documentation regarding services following the First Circuit oral arguments, this Court cannot award fees related to such matters.

A summary of the hours reduced is included in Table 1.

**Table 1: Reduction Summary of Hours Billed**

| Attorney Name | Hours Requested | Hours Discounted | Total Hours Awarded |
|---|---|---|---|
| Robert T. Gill | 88 | 11.4 | 76.6 |
| Harvey Weiner | 1.8 | 0 | 1.8 |
| Dale Coggins | 107.1 | 45.5 | 61.6 |
| Jennifer L. Markowski | 156.2 | 51.9 | 104.3 |
| Timothy Pomarole | 12.4 | 0 | 12.4 |
| Michael Cedrone | 3.5 | 3.5 | 0 |

B.   **Reasonable Hourly Rates**

This Court will determine a reasonable hourly rate based on the "prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the

attorneys involved)." Gay Officers, 247 F.3d at 295. Ordinarily the fee applicant bears the burden of establishing (1) the experience and skill of his lawyers and (2) the prevailing market rate in the community for attorneys with such qualifications. Blum v. Stenson, 465 U.S. 886, 895 (1984). Here this Court must determine the hourly rates for each of Tobin's attorneys.

The hourly rates requested for each of Tobin's attorneys are reasonable. In support of Tobin's request, Tobin filed a Memorandum and an Affidavit, completed by Attorney Gill, that highlights each of Tobin's attorneys' experiences. Supp. Mot. Attys' Fees at 6-8; Gill. Aff. at 6-7. After careful review of the supporting material, this Court finds that the hourly rates requested are not unreasonable for business litigators. Moreover, it does not appear that Janney contests the hourly rates. See Opp'n Mot. Attys' Fees at 1. This Court does not reduce the rates requested by Tobin.

A summary of the hourly rates is included in Table 2.

**Table 2: Summary of Reasonable Hourly Rate**

| Attorney Name | Hourly Rate Requested | Hourly Rate Awarded |
|---|---|---|
| Robert T. Gill | $350.00 | $350.00 |
| Harvey Weiner | $350.00 | $350.00 |
| Dale Coggins | $300.00 | $300.00 |
| Jennifer L. Markowski | $180.00 | $180.00 |
| Timothy Pomarole | $160.00 | $160.00 |
| Michael Cedrone | $180.00 | Not Applicable |

**C.   Total Lodestar Calculation and Costs**

To determine the final lodestar calculation, this Court must multiply the number of hours spent on the case by the reasonable hourly rate.  <u>Torres-Rivera</u>, 524 F.3d at 336 (citing <u>Hensley</u>, 461 U.S. at 434).

Table 3 summarizes Tobin's lodestar calculation:

**Table 3: Tobin's Lodestar Calculation for Attorneys' Fees**

| Attorney Name | Total Hours Awarded | Hourly Rate Awarded | Total Fees Awarded |
|---|---|---|---|
| Robert T. Gill | 76.6 | $350.00 | $26,810.00 |
| Harvey Weiner | 1.8 | $350.00 | $630.00 |
| Dale Coggins | 61.6 | $300.00 | $18,480.00 |
| Jennifer L. Markowski | 104.3 | $180.00 | $18,774.00 |
| Timothy Pomarole | 12.4 | $160.00 | $1,984.00 |
| Michael Cedrone | 0 | Not Applicable | 0 |
| **Total** | **256.7** | -- | **$66,678.00** |

In addition to the lodestar calculation this Court must determine the costs awarded to Tobin.  Janney does not contest the costs requested by Tobin.  Tobin requests costs of $4,134.16.  Supp. Mot. Attys' Fees at 6.  The First Circuit has also taxed additional costs of $663.70 related to Tobin's appeal. [Doc. No. 38].  Aggregating the costs, this Court awards Tobin $4,797.86 in costs.

Tobin is awarded reasonable attorneys' fees and costs of $71,475.86 = $66,678.00 + $4,134.16 + $663.70.  This Court does

15

not exercise its discretion to adjust the fees and costs beyond the foregoing.

### III. CONCLUSION

For the reasons expressed above, Tobin's motion for attorneys' fees and costs [Docket No. 35] is ALLOWED as modified by this Court. The total attorneys' fees and costs awarded to Tobin is $71,475.86.

SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE